IN THE UNITED STATES DISTRICT COURT
FOR THENORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**WILLIAM COX,**

    **Plaintiff,**

v.                                   Civil Action No. 1:21-CV-4
                                                    (JUDGE KLEEH)

**AARON DALTON, in his individual capacity
as a City of Westover Police Officer;
JUSTICE CARVER, in his individual capacity
as a City of Westover Police Officer; and
THE CITY OF WESTOVER,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART CITY OF WESTOVER'S MOTION [ECF NO. 86] FOR PROTECTIVE ORDER AND/OR TO QUASH SUBPOENAS

Presently pending before the Court is a Motion of Defendant City of Westover ("Westover") for Protective Order and/or to Quash Subpoenas, filed on October 15, 2021. [ECF No. 86]. The Court is in receipt of Plaintiff's Response [ECF No. 94], thereto, filed on October 29, 2021. The Court also is in receipt of Westover's Memorandum in Support of its Motion [ECF No. 96], filed on November 5, 2021. By Order [ECF No. 88] dated October 22, 2021, United States District Judge Thomas S. Kleeh referred said motion to the undersigned Magistrate Judge for hearing and entry of an order as to appropriate disposition. Then, on November 12, 2021, the undersigned conducted a hearing on the same. [ECF No. 102].

By this action, Plaintiff brings claims under 42 U.S.C. § 1983 against Westover and certain of its police officers, alleging false arrest and use of excessive force. The incident in question occurred on August 25, 2019. By certain discovery requests, Plaintiff seeks an inspection and download of electronic devices owned by Westover's mayor and by Westover's city attorney, for

1

particular spans of time. In general terms, Westover objects to these discovery requests as being too broad in time and scope, and in the case of the city attorney's device, contrary to attorney-client privilege. And in general terms, Plaintiff argues that the scope of inquiry here is appropriate given the endemic issues identified in Westover's operations, and that in any event the attorney-client privilege does not attach to shield the information sought, either because the information never was intended to be privileged, or because the crime-fraud exception to the attorney-client privilege applies.

### A. Pertinent Law and Standards

Under the Federal Rules of Civil Procedure:

> Parties may obtain discovery regarding any <u>nonprivileged</u> matter that is relevant to any party's claim or defense and <u>proportional to the needs of the case</u>, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit.

Fed. R. Civ. P. 26(b)(1) (emphases added). Notably, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." <u>Id</u>.

Certainly, where privileged information is sought, discovery is not so readily had. Much of the resolution here turns on the application of the attorney-client privilege. To this end, the Supreme Court of the United States has explained:

> The attorney–client privilege is the oldest of the privileges for confidential communications known to the common law. Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client.

<u>Upjohn Co. v. United States</u>, 449 U.S. 383, 389 (1981) (citation omitted). Moreover, under West Virginia caselaw:

2

> In order to assert an attorney-client privilege, three main elements must be present: (1) both parties must contemplate that the attorney-client relationship does or will exist; (2) the advice must be sought by the client from that attorney in his capacity as a legal adviser; (3) the communication between the attorney and client must be identified to be confidential.

State ex rel. U.S. Fid. & Guar. Co. v. Canady, 194 W. Va. 431, 442, 460 S.E.2d 677, 688 (1995) (quoting Syl. Pt. 2, State v. Burton, 163 W. Va. 40, 254 S.E.2 129 (1979)).

As the Fourth Circuit has explained, "[b]oth the attorney-client and work product privileges may be lost . . . when a client gives information to an attorney for the purpose of committing or furthering a crime or fraud." In re Grand Jury Proc. #5 Empanelled Jan. 28, 2004, 401 F.3d 247, 251 (4th Cir. 2005). "The party asserting the crime-fraud exception . . . must make a prima facie showing that the privileged communications fall within the exception." Id. More specifically:

> [W]e have held that the party invoking the crime-fraud exception must make a prima facie showing that (1) the client was engaged in or planning a criminal or fraudulent scheme when he sought the advice of counsel to further the scheme, and (2) the documents containing the privileged materials bear a close relationship to the client's existing or future scheme to commit a crime or fraud. Prong one of this test is satisfied by a prima facie showing of evidence that, if believed by a trier of fact, would establish the elements of some violation that was ongoing or about to be committed. Prong two may be satisfied with a showing of a close relationship between the attorney-client communications and the possible criminal or fraudulent activity.

Id. (citations omitted).

### B. Analysis and Decision

Here, and as indicated on the record during the hearing on November 12, 2021, the temporal scope of the information sought by Plaintiff is quite broad. While the Plaintiff alleges longstanding, years-long practices of wrongdoing by Westover, it is unclear to the undersigned, even after inquiry of Plaintiff's counsel, how such a wide-ranging inquiry, without a narrowing of subject matters to be searched and the timeframe in which to search for it, is proportional to the needs of the case. And aside from the issue about the breadth of the information Plaintiff seeks,

3

the undersigned does not agree, without knowing more, that the attorney-client privilege is waived here or otherwise does not apply.

As articulated on the record during the hearing on November 12, 2021, the undersigned devises the following resolution of these issues for the time being. First, it is clear that, even absent obtaining the information sought by these discovery requests at issue here, Plaintiff already has gleaned a great deal of information which he will use in support of his claims. With such information, his counsel can devise helpful and incisive deposition questions. Secondly, then, Plaintiff may proceed with depositions of the above-noted mayor and city attorney, and it is hereby **ORDERED** that Westover shall make these representatives available for deposition **no later than January 11, 2022**. The Court does not here address Plaintiff's argument that certain communications are not subject to the attorney-client privilege. Thus, the undersigned cautions Plaintiff's counsel the attorney-client privilege may be applicable and opposing counsel may lodge appropriate objection during these depositions on the basis of that privilege.

Third, the undersigned heard argument during proceedings on November 12, 2021 about how information in the possession of Westover council member Ralph Mullins may aid Plaintiff in this matter. Discovery requests as to Mr. Mullins are not before the undersigned, but to the extent which discovery of information in Mr. Mullins's possession may aid Plaintiff in depositions of Westover's mayor and city attorney, Plaintiff is encouraged to issue appropriate subpoena(s) forthwith to obtain such information before the depositions. During proceedings on November 12, 2021, Westover's counsel indicated that Mr. Mullins has separate legal counsel, and that Westover does not object to Plaintiff so seeking information from Mr. Mullins.

Fourth and finally, to the extent which Plaintiff believes that the depositions of Westover's mayor and city attorney yield incomplete or insufficient information, Plaintiff may, subsequent to

the depositions, formulate additional, relevant discovery requests and/or schedule depositions of other individuals.[1]

Accordingly, based on the foregoing, it is **ORDERED** that Westover's motion [ECF No. 86] is hereby **GRANTED in part** and **DENIED in part** as more particularly set forth herein.

It is all so **ORDERED**.

The Clerk of the Court is directed to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: November 16, 2021**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE

---

[1] Relatedly, at the hearing before the undersigned on November 12, 2021, the Court discussed the possibility of a search of electronic devices owned and controlled by the mayor and the city attorney. The Court discussed how or whether counsel for Plaintiff and Westover could collaborate to devise a search protocol and search terms as to these devices, and how such protocol and terms would be germane and narrowed to the particular claims lodged in this case and the individuals related thereto. The Court also discussed how such information gleaned from a search of these devices could be provided to the Court in a searchable, user-friendly format for in camera review. However, the Court did not then (and does not now) order the development of search protocol and the production of such information for in camera review at this time. If, after the depositions of the mayor and city attorney, Plaintiff perceives a need to burden opposing counsel and the Court with such a process, then the Court will entertain a motion to this end.