IN THE UNITED STATES DISTRICT COURT
FOR THENORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**WILLIAM COX,**

    **Plaintiff,**

v.                                                              Civil Action No. 1:21-CV-4
                                                                              (JUDGE KLEEH)

**AARON DALTON, in his individual capacity
as a City of Westover Police Officer;
JUSTICE CARVER, in his individual capacity
as a City of Westover Police Officer; and
THE CITY OF WESTOVER,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT CITY OF WESTOVER'S MOTION TO COMPEL
COMPLETE DISCOVERY RESPONSES FROM PLAINTIFF [ECF NO. 87]**

Presently pending before the Court is Defendant City of Westover's ("Westover") Motion to Compel Complete Discovery Responses from Plaintiff, filed on October 15, 2021. [ECF No. 87]. The Court is in receipt of Plaintiff's Response [ECF No. 93], thereto, filed on October 29, 2021. The Court also is in receipt of Westover's Reply in support its Motion [ECF No. 95], filed on November 5, 2021. By Order [ECF No. 88] dated October 22, 2021, United States District Judge Thomas S. Kleeh referred said motion to the undersigned Magistrate Judge for hearing and entry of an order as to appropriate disposition. Then, on November 12, 2021, the undersigned conducted a hearing on the same. [ECF No. 102].

By this action, Plaintiff brings claims under 42 U.S.C. § 1983 against Westover and certain of its police officers, alleging false arrest and use of excessive force. The incident in question occurred on August 25, 2019. In general terms, Westover seeks certain video recordings, text messages, and other electronic data from Plaintiff concerning events, individuals, and entities at

1

issue in this case. And in general terms, Plaintiff objected to the breadth of the inquiry, and to the timeframes covered by Westover's discovery requests.

In particular, Westover requests that Plaintiff be ordered to respond to, or otherwise supplement, responses to Westover's Request for Production Nos. 24, 28, 29, 30, 31, and 40. At the hearing before the undersigned on November 12, 2021, counsel for the parties stated on the record that this dispute has been resolved as to Request for Production Nos. 28, 29, 30, and 31. Thus, as to Request for Production Nos. 28, 29, 30, and 31, Westover's motion is **DENIED as moot.** Moreover, at the hearing on November 12, 2021, Plaintiff's counsel indicated on the record that Plaintiff would agree to produce the information which Westover seeks via Request for Production No. 40. Thus, as to Request for Production No. 40, Westover's motion is **DENIED as moot**.

This leaves Request for Production No. 24. By this Request, Westover seeks video recordings of Westover police officers which Plaintiff made both prior to the incident on August 25, 2019 and after the incident on August 25, 2019. At the hearing on November 12, 2021, Plaintiff's counsel indicated on the record that Plaintiff was willing to provide such video recordings made prior to August 25, 2019. However, Plaintiff maintained that he was unwilling to produce any such video recordings made after that date. Thus, to the extent which Westover seeks such video recordings produced prior to August 25, 2019, its motion is **DENIED as moot**.

This leaves for resolution by the Court only a part of Request for Production No. 24 – namely, whether Plaintiff must produce such video recordings made after August 25, 2019. Under the Federal Rules of Civil Procedure:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the

>  importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit.

Fed. R. Civ. P. 26(b)(1) (emphasis added).

In this instance, it is unclear how video recordings which Plaintiff may have made after the incident at issue could have bearing on the claims and defenses in this matter. After all, Plaintiff's claims do not turn on particular incidents occurring or arising after August 25, 2019. At the hearing on November 12, 2021, the most which Westover's counsel seemed to articulate was that it could show Plaintiff's pattern of goading law enforcement into adverse action. But it is difficult to discern how that supports or squares with viable defenses here. Thus, it is not clear that there is any benefit to ordering the production of such videos, if the even exist, or that it is a good use of resources to search for them and compel their production.

Accordingly, based on the foregoing, it is **ORDERED** that Westover's motion [ECF No. 87] is hereby **DENIED** as more particularly set forth herein.

It is all so **ORDERED**.

The Clerk of the Court is directed to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: November 16, 2021**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE